## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL D. TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. 08-1268-JTM |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Before the Court is Defendants' Motion for Protective Order regarding Plaintiff's Requests for Admissions. (Doc. 17.) Plaintiff has responded in opposition to the motion. (Doc. 113.) Defendants did not file a reply and the time to do so has expired. *See* D. Kan. Rule 6.1(d)(1) (replies to responses to non-dispositive motions are to be filed within 14 days). In addition, Plaintiff has filed a Motion to Strike Defendant's Comparative Fault Designation and Continue Deadline for Filing Motion for Leave to Join Additional Parties. (Doc. 22). Defendant responded (Doc. 25), but Plaintiff did not reply and the time to do so has expired.

1

## BACKGROUND

Plaintiff alleges that he sustained injury when he slipped and fell on a rug that was outside the entrance of Defendant's convenience store. (*See* Doc. 22, at 1.) Plaintiff alleges that his injuries are a result of Defendant's negligence (*see* Doc. 1), while Defendant generally denies Plaintiff's allegations. (Doc. 7.)

## DISCUSSION

**A.     Defendant's Motion for Protective Order (Doc. 17)**.

Fed.R.Civ.P. 36(a) states that "[a] party may serve upon any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 26(c) allows a protective order to protect a party from discovery that causes or would result in "annoyance, embarrassment, oppression, or undue burden or expense."

Defendant contends that certain of Plaintiff's Requests for Admissions are unjustified because "the information is otherwise obtainable to the requesting party via means that pose less of a burden or expense on the opposing party." (Doc. 17, at 3.) Defendant argues that it "should not be forced to confirm for plaintiff that his regurgitation of the medical records is accurate." (*Id*., at 4.) Defendant continues that because this information is contained in the medical records – which

2

Plaintiff already provided to Defendant – Plaintiff "has direct access to the information" in a manner that is "'more convenient, less burdensome [and] less expensive' than the amount of time and effort defendant would have to take in responding to the 26 RFAs." (*Id.,* citing Fed.R.Civ.P. 26(b)(2)(C)(I).[1])

"[D]iscovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery." ***Snowdon v. Connaught Labs., Inc.***, 137 F.R.D. 325, 332 (D.Kan. 1991). Plaintiff has stated the benefit he seeks from the discovery – "to find out if defendant will contest such things as whether EMS came to the scene; what condition plaintiff was in on the scene; what complaints were made by plaintiff to physicians; what treatment plaintiff received; etc." (Doc. 24, at 1-2.)

The Court acknowledges that a regurgitation of statements in an opposing party's medical records could very well be unnecessary. In the matter before the Court, however, Defendant has not sufficiently described how any such "hardship" it would suffer by responding to the discovery would be sufficiently undue. The Court anticipates that defense counsel either has reviewed, or will review, Plaintiff's medical records in the course of this litigation. In conjunction with that

---

[1] Defendant actually cites Fed.R.Civ.P. *36(b)(2)(C)(I)*. Because no such rule exits, and Rule 26(b) deals with discovery scope and limits, the Court assumes that Defendant intended to cite to Rule 26.

review, the Court also anticipates Defendant will determine if there are any portions of the medical records with which it disagrees or determines to be incorrect.  Therefore, the Court does not agree that the burden of responding to Plaintiff's Requests for Admissions is undue given the stated benefit to Plaintiff from the discovery.  Furthermore, based upon Defendant's responses, Plaintiff may well be able to avoid additional discovery related to certain admitted issues.  As such, the Court **DENIES** Defendants' Motion for Protective Order (Doc. 17.)

In responding to Plaintiff's requests, if Defendant asserts lack of knowledge or information as a reason for failing to admit or deny any request, it must state that "it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request.  Fed. R. Civ. P. 36(a)(4).  It is possible that responses to some of the disputed requests may not be capable of determination solely from the provided medical records.  See e.g., Request 53 (whether plaintiff attended all scheduled appointments).  The Court notes that Defendant has noticed depositions of both Plaintiff and Tim Bouton for February 2, 2009, and Plaintiff has noticed the deposition of Landon Maltbie on the same date.  (Doc No's 32-35.)  These depositions may serve to assist Defendant in responding adequately to Plaintiff's requests, therefore Defendant's is given until **March 2, 2009** within which time to serve responses to Plaintiff's requests

4

for admission.

**B.    Plaintiff's Motion to Strike and to Continue (Docs. 22, 23)**.

In accordance with the Court's Scheduling Order (Doc. 11), on December 4, 2008, Defendant filed its designation of comparative fault.  (Doc. 18.)  In the designation, Defendant specifically identified Plaintiff and the individual Tom Bouton.  (*Id.*)  Defendant also designated two categories of unspecified individuals – "customers or vendors of QuikTrip who would have walked over the subject rug within one hour prior to plaintiff's fall" and "[i]ndividuals, who are not employees or agents of defendant, who had responsibility for maintaining the subject rug."  (*Id.*)

Plaintiff has moved to strike Defendant's designation, arguing that it does not satisfy the requirements of notice pleading because "Defendant has failed to state any facts which support its fault comparison."  (Doc. 22, at 2.)  Plaintiff's motion also contains a request to "continue the deadline for filing for leave to add additional parties until such time as a proper designation is filed."  (*Id.* at 3.[2])

To satisfy the requirements of notice pleading, Fed.R.Civ.P. Rule 8(a) does

---

[2] Because Plaintiff's Motion to Strike (Doc. 22) also contained request to continue a deadline, the Court Clerk filed the same document twice as two separate motions.  (*See* Docs. 22, 23.)  As a result, this Order will treat the two requests as separate motions – Doc. 22 being Plaintiff's Motion to Strike and Doc. 23 being Plaintiff's Motion to Continue.

5

not require party to alleged detailed facts that establish its right to judgment or its affirmative defense. ***Resource Center for Indep. Living, Inc. v. Ability Resources, Inc.***, 534 F.Supp.2d 1204, 1212; *see also* ***Sprint Commun. Co. v. Theglobe.com, Inc.***, 233 F.R.D. 615, 618 (D.Kan. 2006) (holding that affirmative defenses are subject to notice pleading requirements of Rule 8(a)).  Instead, a party "must set forth factual allegations, either direct or inferential, respecting each material element necessary" to maintain their claim or defense. ***Nwakpuda v. Falley's Inc.***, 14 F.Supp.2d 1213, 1216 (D.Kan.1998) (quoting ***Gooley v. Mobil Oil Corp.***, 851 F.2d 513, 515 (1st Cir.1988)).

With this in mind, however, the Court's Scheduling Order specifically states that Defendant's December 4, 2008, deadline was to "identify all persons or entities whose fault is to be compared."  (Doc. 11, at 7.)  The Scheduling Order did not instruct or even infer that Defendant was to provide "factual allegations" supporting the potential fault of the individuals identified.  Thus, Defendant's designation satisfied this Court's requirements.  The Court, therefore, **DENIES** Plaintiff's Motion to Strike Defendant's Comparative Fault Designation (Doc. 22). Plaintiff is free to employ various discovery methods to determine the factual allegations on which Defendant intends to rely to establish the potential fault of the identified third parties.

That stated, the Court finds that Plaintiff is entitled to additional time in which to file any motion for leave to join additional parties or otherwise amend the pleadings.  Defendant has indicated it does not object to this request.  The Court, therefore, **GRANTS** Plaintiff's Motion to Continue Deadline for Filing Motion for Leave to Join Additional Parties (Doc. 23.)  As such, Plaintiff shall have until **April 23, 2009**, to file any such motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (Doc. 17) is **DENIED**.  Defendant shall serve responses to Plaintiff's requests for admission on or before **March 2, 2009.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 22) is **DENIED**, and Plaintiff's Motion to Continue (Doc. 23) is **GRANTED**.  Plaintiff shall have until **April 23, 2009**, to file any motion for leave to join additional parties or otherwise amend the pleadings.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 27th day of January, 2009.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge