IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. TATE,

      Plaintiff,

v.                                                 Case No.  08-1268-JTM-DWB

QUIKTRIP CORPORATION,

      Defendant.

**MEMORANDUM AND ORDER**

Before the court is Plaintiff's motion to compel (Doc. 37) and Defendant's response. (Doc. 40).  The court held a telephone status conference with the parties on March 6, 2009.  At that time, Plaintiff indicated that it would not be filing a reply concerning the motion to compel.  The court then orally announced its ruling and indicated that it would follow with a brief written order.

Plaintiff's motion deals with two topics.  First, Plaintiff wants information on any persons who slipped or fell inside or outside any of Defendant's stores for a 5-year period prior to the accident in this case and for a 2-year period following the accident.  (Interrogatory 18 and Request for Production 15).  Plaintiff acknowledged, however, that he was only interested in falls involving rugs used inside or outside the stores.  (Doc. 37 at 2).  Second, Plaintiff wants all documents pertaining to any audits or safety reviews by Defendant of its stores for the same time periods. (Request for Production 25).

Defendant responds that it has 512 stores nationwide and 36 stores in Wichita; that the requests are not reasonably calculated to lead to the discovery of admissible evidence; and that it would be burdensome to provide the documents requested.

After considering the arguments of the parties, the court ruled that Plaintiff is entitled to the information requested in both categories (slip and falls and safety audits/reviews) for a period of 3 years prior to the accident date in this case, but only for the specific store involved in this case. Furthermore, the discovery requests are limited to issues directly related to rugs located inside or outside of the subject store, and the production of slip and fall information and safety audits or reviews are likewise limited to those portions of the documents which directly relate to matters pertaining to rugs. The court finds that this information is reasonably calculated to lead to the discovery of admissible evidence related to Defendant's alleged knowledge of any dangers presented by the presence and/or condition of the rugs. However, this same type of information for any period <u>after</u> the date of the accident in this case is not calculated to lead to the discovery of admissible evidence. Finally, by limiting the scope of discovery to a 3-year period and to the store involved in the accident in this case, any claim of burdensomeness by Defendant has been eliminated.

Defendant is to serve its answer to Interrogatory 18 and to serve any documents identified in Requests for Production of Documents 15 & 25, as limited by the ruling in this Memorandum and Order, on or before **March 27, 2009.**

IT IS SO ORDERED.

Dated this 6th day of March, 2009.

-3-

   s/   DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE